IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANKLIN McCUNE,**

   **Petitioner,**

**v.**            **CIVIL ACTION NO. 2:12cv1**
                  **(Judge Bailey)**

**TERESA WAID,**

   **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 20, 2011, the *pro se* petitioner, Franklin McCune [hereinafter referred to as "McCune"], filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Western District of Kentucky. Because the petition challenges a conviction from the Circuit Court of Harrison County, West Virginia, the case was transferred to this Court on January 5, 2012. On March 12, 2012, the petitioner filed his petition on this Court's approved form and on that same date, the petitioner was granted leave to proceed *in forma pauperis*.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 2.

### II. FACTS

#### A. Conviction

A review of the petition as well as a previous petition reveals that McCune was indicted by a Grand Jury sitting in the Circuit Court of Harrison County on a charge of Failure to Register or

Provide Notice of Registration Changes in violation of West Virginia Code § 15-12-8(b). Following a jury trial, the petitioner was found guilty of this offense, and on September 18, 2006, he was sentenced to a term of imprisonment of not less than two nor more than five years. The petitioner did not file a direct appeal.

### B. State Habeas Corpus

In February of 2007, the petitioner filed a petition for wit of habeas corpus with the Circuit Court of Harrison County. In the petition, the petitioner raised the following grounds for relief:

(1) Violation of Ex Post Facto;

(2) Unconstitutional Statute;

(3) Suppression of helpful evidence by prosecutor;

(4) Ineffective assistance of counsel;

(5) Defects in the indictment; and

(6) Sufficiency of evidence.

Following an omnibus hearing, the Circuit Court denied him relief on July 1, 2008. On December 29, 2008, the West Virginia Supreme Court of Appeals refused to hear an appeal of said denial.

### C. Federal Habeas Corpus

On April 23, 2008, McCune filed his first federal habeas petition. See Franklin E. McCune v. Teresa Waid, 5:08cv89. In the petition, he raised the following grounds for relief:

(1) The Sex Offender Registration Act was enacted on April 10, 1993, but was not made retroactive until June 13, 1999. Because he discharged the underlying conviction in June of 1991, the Act did not apply to him; and

(2) The assistant Prosecuting Attorney introduced a dismissed indictment during his trial.

On January 27, 2009, the petition was denied and dismissed without prejudice because the state habeas petition was still pending on the date he filed his federal petition, and therefore, his claims were not exhausted

In his instant petition, McCune raises the following grounds for relief:

(1) The registration law came into effect in July of 1993, and was not retroactive to his 1976 abduction conviction;

(2) Defense counsel, without objection, allowed the prosecution to submit a dismissed indictment as evidence;

(3) The prosecution never produced the indictment for abduction which was the proof of the charge ostensibly requiring him to register as a sex offender; and

(4) He was indicted under 15-12-89(b) which was the incorrect code and the judge agreed and then stated the correct code was 15-12-8(c), thus depriving him of the right to prepare for trial.

### III. ANALYSIS

**A. Timeliness**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The limitations period under 28 U.S.C. § 2244 is an affirmative defense. A district court has the power to raise the limitations defense of § 2244 *sua sponte*. Hill v. Braxton, supra. When a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely, and the state has not filed a motion to dismiss based on the one-year statute of limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). Id. at 707.

McCune does not assert that the Government impeded the filing of his § 2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which McCune's judgment became final is relevant in determining the statute of limitations.

McCune was sentenced on September 18, 2006 and did not file an appeal. Therefore, his conviction became final on the date that he could have filed his appeal. In the State of West Virginia, a petition for appeal "must be filed with the clerk of the circuit court where the judgment, decree, or order being appealed was entered within four months of the entry of the circuit court order." W. Va. R. Crim. P. 37(b)(3). Thus, the petitioner's conviction became final on

or about January 19, 2007, and under the AEDPA, he had until January 20, 2008 to bring a § 2254 claim in Federal Court. The petitioner filed his § 2254 habeas petition on October 20, 2011, almost four years after the statutory period had expired.

The undersigned recognizes that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

McCune filed his state habeas corpus petition on February 2007, after the limitation period began to run. The limitation period was tolled until December 29, 2008, when the West Virginia Supreme Court of Appeals refused his appeal from the Circuit Court's denial of his habeas petition. Therefore, McCune had until no later than December 30, 2009[1] to file his federal habeas corpus petition pursuant to § 2254, absent some further tolling of the limitation period. However, he did not file his § 2254 petition until October 20, 2011, well beyond the one year period of limitations under AEDPA.

It is undisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances

---

[1]Because the petitioner does not provide the precise date that he filed his habeas petition in circuit court, the undersigned has tolled the entire period of time from the date his conviction became final until the West Virginia Supreme Court refused to hear an appeal from the denial of his state habeas petition.

enumerated in § 2244(d)(1). Therefore, there is no duty to warn McCune prior to entry of this Report and Recommendation.

## II. Jurisdiction

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (denying a federal defendant's motion to vacate a restitution order because "by its plain terms, § 2255 [like § 2254, despite certain textual distinctions] is available only to defendants who are in custody and claiming the right to be released").

As noted previously, the petitioner filed his habeas in the United States District Court for the Western District of Kentucky. A search of the West Virginia Division of Corrections website as well as that for the West Virginia Regional Jail and Correctional Facility Authority indicates that the petitioner is not in custody in the State of West Virginia. Moreover, a search of the Kentucky Online Offender Lookup ("KOOL") establishes that McCune was indicted in Jefferson County, Kentucky, in Indictment # 11-CR-2208, and was convicted on January 19, 2012 for the offense of Terroristic, Threatening, 2nd Degree. He is currently serving a sentence of four years. Therefore, although the petitioner is "in custody", the petitioner fails to satisfy the status requirement that he be "in custody" for the conviction he seeks to challenge in this habeas petition, and this court has no ground upon which to entertain this petition.

## IV.  RECOMMENDATION

It is recommended that the petition of McCune filed pursuant to 28 U.S.C. §2254 be **DENIED and DISMISSED WITH PREJUDICE** because it is untimely and because the petitioner fails to meet the jurisdictional requirements.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to McCune by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

**DATED:** March 19, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE