# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**FRANKLIN MCCUNE,**

       Petitioner,

v.

                                    **CIVIL ACTION NO. 2:12-CV-1**
                                        **(BAILEY)**

**TERESA WAID,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 23]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on March 19, 2012 [Doc. 23]. In that filing, the magistrate judge recommends that this Court deny and dismiss with prejudice the petitioner's § 2241 petition as both untimely and for lack of jurisdiction.

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections [Doc. 26] on March 26, 2012. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

### III. Factual and Procedural History

The petitioner was found guilty by a jury for failure to register or provide notice of registration changes in violation of West Virginia Code Section 15-12-8(b). He was subsequently sentenced to a term of imprisonment of not less than two nor more than five years. The petitioner did not file a direct appeal. The petitioner did, however, file a petition for writ of habeas corpus with the Circuit Court of Harrison County, West Virginia. The petition was denied on July 1, 2008, and the West Virginia Supreme Court of Appeals declined his appeal. On April 23, 2008, this petitioner filed his first federal habeas petition. See **McCune v. Waid**, 5:08-cv-89. On January 27, 2009, that petition was denied and dismissed without prejudice because the state habeas petition was still pending on the date his federal petition was filed; thus, his state court claims were not exhausted.

In his instant petition, McCune raises the following grounds for relief:

(1) The registration law came into effect in July of 1993, and was not retroactive to

his 1976 abduction conviction;

(2) Defense counsel, without objection, allowed the prosecution to submit a dismissed indictment as evidence;

(3) The prosecution never produced the indictment for abduction which was the proof of the charge ostensibly requiring him to register as a sex offender; and

(4) He was indicted under 15-12-89(b) which was the incorrect code and the judge agreed and then stated the correct code was 15-12-8(c), thus depriving him of the right to prepare for trial.

## IV. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See **Haines v. Kerner**, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." **Minone v. McGrath**, 435 F.Supp.2d 266 (S.D.N.Y. 2006).

### A. Timeliness

In 1996, Congress passed the AEDPA, establishing a one-year limitations period for all federal habeas corpus petitions. Under the Act, the limitations period begins to run from the last of:

1. The date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

2. The date on which the impediment to filing a motion created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;

3. The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); **Hill v. Braxton**, 277 F.3d 701 (4th Cir. 2002); **Harris v. Hutchinson**, 209 F.3d 325 (4th Cir. 2000).

The AEDPA statute of limitations is subject to equitable modifications such as tolling. **Harris v. Hutchinson**, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" **United States v. Sosa**, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

As noted by the magistrate judge in his R&R, the petitioner has not asserted that the Government has impeded the filing of his § 2254 petition, that the Supreme Court created

4

a newly recognized constitutional right which was made retroactive, or that there exist any newly discovered facts. Accordingly, the date on which the petitioner's judgment became final is relevant in determining the statute of limitations. As previously noted, petitioner McCune was sentenced September 18, 2006, and did not file a direct appeal. Pursuant to West Virginia's Rules of Criminal Procedure, a petition for appeal "must be filed with the clerk of the circuit court where the judgment, decree, or order being appealed was entered within four months of the entry of the circuit court order." W.Va. R. Crim. P. 37(b)(3). As such, the petitioner's conviction became final on or about January 19, 2007, and under the AEDPA, he would have had until January 20, 2008, to bring a § 2254 claim in Federal Court. The petitioner's October 20, 2011, § 2254 habeas petition was filed about four years after the statutory period had expired.

This Court notes, however, that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As such, the limitation period was tolled until December 29, 2008, when the West Virginia Supreme Court of Appeals refused McCune's appeal. Accordingly, the petitioner had until no later than December 30, 2009, to file his federal habeas petition in compliance with the statute of limitations imposed by AEDPA. Insofar as the federal petition was untimely filed, the same must be denied and dismissed.

**B.     Jurisdiction**

In addition, to invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in

5

custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* **Maleng v. Cook**, 490 U.S. 488, 490 (1989); **United States v. Kramer**, 195 F.3d 1129, 1130 (9th Cir. 1999) (denying a federal defendant's motion to vacate a restitution order because "by its plain terms, § 2255 [like § 2254, despite certain textual distinctions] is available only to defendants who are in custody and claiming the right to be released").

As noted previously, the petitioner filed his habeas in the United States District Court for the Western District of Kentucky. A search of the West Virginia Division of Corrections website as well as that for the West Virginia Regional Jail and Correctional Facility Authority indicates that the petitioner is not in custody in the State of West Virginia. Moreover, a search of the Kentucky Online Offender Lookup ("KOOL") establishes that McCune was indicted in Jefferson County, Kentucky, in Indictment # 11-CR-2208, and he was convicted on January 19, 2012, for the offense of Terroristic, Threatening, 2nd Degree. He is currently serving a sentence of four years. Therefore, although the petitioner is "in custody," the petitioner fails to satisfy the status requirement that he be "in custody" for the conviction he seeks to challenge in this habeas petition, and this Court has no ground upon which to entertain this petition.

### C. Petitioner's Objections [Doc. 29]

#### 1. Timeliness

The petitioner first objects to the magistrate judge's finding the petition untimely under the AEDPA. Specifically, the petitioner states that the West Virginia Supreme Court

of Appeals failed to inform him that his appeal was refused until June 27, 2011. Thus, the petitioner claims this impeded his timely filing. As the record indicates, this petitioner filed his first federal habeas petition on April 23, 2008. *See **McCune v. Waid***, 5:08-cv-89 (Stamp, J.). In Judge Stamp's Order Adopting the Report and Recommendation of Magistrate Judge James E. Seibert, the Court erroneously stated that "[b]ased on the record before this Court, it appears that the petitioner's state petition for writ of habeas corpus is still pending before the Circuit Court of Harrison County." ***Id***. at p. 5. That Opinion was entered on January 27, 2009; however, by that time the West Virginia Supreme Court of Appeals had already refused to hear the state habeas appeal on December 29, 2008. Therefore, the state proceedings were not in fact still pending. The petitioner represents that he did not receive notice of the final judgment in the state proceedings until June 27, 2011, after he requested a status update on May 9, 2011.

Under the AEDPA, the limitations period begins to run from the last of, "[t]he date on which the impediment to filing a motion created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action the one-year limitations period." The timeliness of the instant petition, therefore, turns on whether the State impeded his timely filing by its alleged failure to inform the petitioner that his appeal was refused, and whether the petitioner's attempt to obtain information pertaining to the final judgment of his state habeas proceedings was done so through the exercise of due diligence. This Court, however, finds that such an undertaking would nevertheless be futile. Assuming, *arguendo*, that this Court could ultimately find the petition timely pursuant to AEDPA, the petition still must fail for lack

of jurisdiction.

### 2. Jurisdiction

The petitioner further objects to the magistrate judge's finding that this Court lacks jurisdiction. However, to invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, although the petitioner is "in custody," the petitioner fails to satisfy the status requirement that he be "in custody" for the conviction he seeks to challenge in this habeas petition; rather, the petitioner is in custody in Jefferson County, Kentucky for a January 19, 2012, conviction for the offense of Terroristic, Threatening, 2nd degree. Accordingly, this Court has no jurisdictional ground upon which to entertain this petition. Therefore, this Objection is **OVERRULED**.

## **V.** **Conclusion**

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 23]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections to the magistrate judge's R&R **[Doc. 26 & 29]** are **OVERRULED**. Accordingly, the Petition **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE** . As a final matter, on June 4, 2012, the petitioner filed a Motion to Request Permission to Submit New Documented Evidence [Doc. 32], wherein he provides no information regarding nature of this alleged "new documented evidence." Therefore, this

Court will **DENY** this Motion **[Doc. 32]**. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** June 7, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE